WILLIAM H. LORING *vs.* DANIEL MULCAHY.

One who receives goods into his possession and control, knowing that they were not lawfully in the possession of the person who brought them to him, and afterwards allows them to be taken away by the same person, is not thereby guilty of a conversion.

TORT for the conversion of goods which had been stolen from the plaintiff's shop, and carried to the defendant's house, with

his knowledge, and left in his possession, and afterwards taken away and secreted by the same persons who carried them there. At the trial in the superior court, *Putnam*, J. instructed the jury that "if the defendant received these goods into his possession and control, knowing that they were stolen, or that they were not the property of the parties who brought them, and that they came unlawfully by them, it was a conversion by the defendant." The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*W. P. Webster*, for the defendant.

*L. H. Wakefield*, for the plaintiff.

METCALF, J. These exceptions must be sustained. On the evidence therein stated, the defendant did not convert the goods to his own use, but was a mere depositary thereof — a naked bailee. He did not assume to dispose of them as if they were his own, nor did he withhold them from the plaintiff, on his demand. *Non constat* that he would not readily have restored them to the plaintiff if he had been required so to do. It does not appear that he had any intention to conceal the property from the owner, or that he made any agreement with the bailors to secrete it. In *Simmons* v. *Lillystone*, 8 Exch. 442, Baron Parke says : " In order to constitute a conversion, there must be an intention of the defendant to take to himself the property in the goods, or to deprive the plaintiff of it." See also *Polley* v *Lenox Iron Works*, 2 Allen, 182, and cases there cited ; *Fouldes* v. *Willoughby*, 8 M. & W. 540. If, on the evidence in this case and the instructions given to the jury, the defendant was rightly found guilty of converting the goods to his own use, then would an innkeeper, who should receive into his stable a horse that he knew to be stolen, and should permit the person who brought him there to take him away, be guilty of converting the horse to his own use.                                    *Exceptions sustained.*